## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:21-cv-61426-JEM

KARL STEEVES,

   **Plaintiff,**

v.

HALSTED FINANCIAL SERVICES, LLC,

   **Defendant.**

_____/

### FIRST AMENDED COMPLAINT

Plaintiff Karl Steeves ("Plaintiff") sues Defendant Halsted Financial Services, LLC ("Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.   Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### PARTIES

3.   Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.   Defendant is an Illinois limited liability company, with its principal place of business located in Skokie, Illinois.

### DEMAND FOR JURY TRIAL

5.   Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **ALLEGATIONS**

6.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Comenity Bank, and Plaintiff involving the provision of an unsecured line of credit for Plaintiff's personal use(the "Subject Service").

8.      The Subject Service was primarily for personal, family, or household purposes.

9.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.     Defendant is a business entity engaged in the business of collecting consumer debts.

11.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

13.     Defendant's "Consumer Collection Agency" license number is CCA9902613.

14.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

16.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17.     On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

18.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's name; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debt; **[4]** the amount of the consumer debt; **[5]** the creditor of the Consumer Debt; **[6]** that Plaintiff was the alleged debtor of the Consumer Debt; **[7]** information regarding the Subject Service; and **[8]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

19.     The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

20.     Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

21.     In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

22.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff, of which was internally dated November 02, 2020, (the "Collection Letter") in an attempt to collect the Consumer Debt.

23.     Attached as Exhibit "A" is a copy of Collection Letter.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24.     Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA. *See* Hunstein v. Preferred Collection & Mgmt. Servs., No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

25.     The Collection Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

26.     Plaintiff incorporates by reference ¶¶ 6-25 of this First Amended Complaint.

27.     Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*." 15 U.S.C. 1692c(b) (emphasis added).

28.     As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b)."). Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

29.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: August 26, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 26, 2021, the foregoing was electronically

filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic

filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com