UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANAMARIA MORAN,

    Plaintiff,

v.                                       CASE NO.: Case 1:21-cv-23695-MGC

HALSTED FINANCIAL
SERVICES, LLC,

    Defendant.
_____/

## MOTION TO DISMISS COUNT II OF THE FIRST AMENDED COMPLAINT

Defendant, Halsted Financial Services, LLC ("Halsted"), by and through undersigned counsel, and pursuant to the applicable Rules 12 of the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Count II of the First Amended Complaint. In support thereof, Defendant states:

1. On July 25, 2021, Plaintiff filed a two count complaint against Defendant alleging that Plaintiff was damaged when Defendant transmitted Plaintiff's personal financial information to a third party to prepare a letter to be sent to Plaintiff in an attempt to collect a debt.

2. On November 4, 2021, Defendant filed a Motion to Dismiss Count II of the Complaint. (Doc. No. 4).

1

3. On November 18, 2021, Plaintiff filed her First Amended Complaint. (Doc. No. 11). The First Amended Complaint withdraws the allegation in Count II and instead alleges that Defendant violated several sections of the Fair Debt Collection Practices Act (FDCPA) because it attempted to collect a debt even though its consumer collection agency license **may** be invalid as it **may** have failed to comply with the record keeping requirements of the Florida Consumer Collection Practices Act (FCCPA). (Count II).

4. Count II of Plaintiff's Complaint fails to state a cause of action as Plaintiff fails to allege any ultimate facts to show that Defendant does not have a valid registration as a consumer collection agency.

WHEREFORE, Defendant, Halsted, moves this Court for an Order dismissing Count II of the First Amended Complaint and for such other relief the Court deems just and proper.

## **MEMORANDUM OF LAW**

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hunt v. Aimco Properties, L.P.,* 814 F.3d 1213, 1221 (11th Cir. 2016)(citation omitted). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Quintanilla v. Bryson,* 730 F. App'x 738, 743 (11th Cir. 2018)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Plaintiff makes the conclusory and speculative assertion that "Defendant is liable to Plaintiff for attempting to collect the Consumer Debt from Plaintiff without possessing a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553." (Doc. No. 11, Para. 39). However, Plaintiff offers no factual support for this allegation. Instead, Plaintiff cites to Florida Statute Section 559.553(1) that a registrant "may not continue to do business in this state as a consumer collection agency without … maintaining a valid registration." (Id. at Para. 40). Plaintiff than cites to another section of the FCCPA to assert that unless a registrant maintains the specific books and records, it does not have a valid license to act as a consumer collection agency. (Id. at Paras. 41-45).

In essence, Plaintiff alleges that if Defendant failed to maintain the proper records as required, it, ipso facto, no longer has a valid license. Plaintiff does not allege that Defendant has not maintained those records. She merely alleges that maintaining the records is necessary to maintain the consumer collection agency license. Plaintiff's allegations are purely speculative.

Further, Plaintiff cannot maintain its action under Count II even if Defendant has failed to maintain the required records. Under the FCCPA, even if Defendant has failed to maintain the records required by the statutory

3

scheme, Defendant's registration is not automatically invalid and such failure does not create a private right of action.

Defendant is Properly Registered

Plaintiff is fully aware that Defendant is currently registered as a consumer collection agency and has been so registered since January 1, 2012.[1] This fact is undisputed and Plaintiff does not make such an allegation.

No Allegation of Missing Records

Plaintiff makes no allegation that Defendant has not maintained the records required by the FCCPA. A simple review of the First Amended Complaint shows that Plaintiff merely alleges that records are required to be maintained by the FCCPA. Nothing more.

Defendant's Failure to Maintain Records does not Cause a Per Se Revocation of its License

Contrary, to the theory posited by Plaintiff, Defendant's failure to maintain records does not cause a per se revocation of its license as a consumer collection agency. Automatic revocation for failure to maintain records is not part of the statutory scheme. Section 559.730 of the FCCPA proscribes the potential discipline a registrant could face for failing to maintain records. The

---

[1] Contemporaneously herewith, Defendant is filing a request for judicial notice that it has been registered with the Florida Department of Financial Regulations as a consumer collection agency since January 1, 2012. The court may consider judicially noticed facts in the motion to dismiss stage. See e.g., *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999).

4

potential discipline ranges from a letter of reprimand to revocation, and includes other disciplinary action between those categories. Fla. Stat. § 559.730(2).

Under any scenario, there must be an administrative review and determination which, under the statute, is conducted by the Office of Financial Regulation of the Financial Regulation (the "Office"). *Id.* Until this administrative decision occurs the license is active and is not revoked until the Office determines that revocation is an appropriate punishment. In other words, even if Defendant has failed to maintain appropriate records, Defendant is properly registered unless, and until, the "Office" revokes their license. This has not occurred and the Plaintiff has not alleged that it has.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all attorneys of record via CM/ECF on the 1st day of December, 2021.

                            **WALTERS LEVINE PARISI & DEGRAVE**
                            601 Bayshore Boulevard, Suite 720
                            Tampa, Florida 33606
                            Phone: (813) 254-7474
                            Facsimile: (813) 254-7341
                            Attorneys for Plaintiff

                            */s/ Michael A. Gold*
                            **MICHAEL A. GOLD, LL.M.**
                            Florida Bar No. 71943
                            mgold@walterslevine.com
                            cmanganiello@walterslevine.com