UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JACOB KRAMER,

        Plaintiff,

CASE NO. 9:21-cv-81403-RAR

v.

HALSTED FINANCIAL
SERVICES, LLC,

        Defendant.

_____/

## MOTION TO DISMISS COUNT II

COMES NOW, Defendant, LTD Financial Services, L.P., by and through undersigned counsel, and pursuant to the applicable Florida Rules of Civil Procedure, hereby files this Motion to Dismiss Count II. In support thereof, Defendant would state:

1. On June 11, 2021, Plaintiff filed a two count complaint against Defendant alleging that Plaintiff was damaged when Defendant transmitted Plaintiff's personal financial information to a third party to prepare a letter to be sent to Plaintiff in an attempt to collect a debt. (See Complaint, Paragraphs 20-22)

2. Count II alleges that Defendant's conduct was a violation of Florida Statute § 559.72(5) of the Florida Consumer Collection Practices Act ("FCCPA") and that the disclosure to a third-party effected Plaintiff's reputation because the third-party did not have any legitimate need for the information. (See Complaint, paragraph 39).

3. Count II of Plaintiff's Complaint fails to state a cause of action on two grounds:

    a. Plaintiff alleges in the Complaint that the Third Party has a legitimate business purpose for the information because Defendant sent the information to the Third-Party for the purpose of "compil[ing] Plaintiff's personal information and prepar[ing] a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt"; and

    b. Plaintiff fails to allege how disclosure to the Third-Party damaged his reputation.

WHEREFORE, Defendant, LTD Financial, moves this Court for an Order dismissing Count II of the Complaint and for such other relief the Court deems just and proper.

## MEMORANDUM OF LAW

A complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Rule 1.110(b)(2), Fla. R. Civ. Proc. "A complaint that patches together a string of legal conclusions will not survive a motion to dismiss." *Davis v. Bay Cty. Jail*, 155 So. 3d 1173, 1177 (Fla. 1st DCA 2014). If legal conclusions are alleged, they are not deemed true for purposes of a motion to dismiss. Likewise, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (citations omitted).

"To bring a claim based on a violation of section 559.72(5), one must show: "(1) that there was a disclosure of information to a person other than a member of the debtor's family, (2) that such person does not have a legitimate business need for the

information, and (3) that such information has affected the debtor's reputation." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 514 (Fla. 1st DCA 2007).

A.   LEGITIMATE BUSINESS NEED

In this instance, the complaint alleges no facts showing Defendant knew the Third-Party had no legitimate business need for that information. *Smith v. Univ. Cmty. Hosp., Inc.*, No. 8:18-CV-270-T-AAS, 2019 WL 118045, at *8 (M.D. Fla. Jan. 7, 2019). On the contrary, the Complaint specifically alleges that the Third-Party's business was to collect the financial data of individuals and prepare letters on behalf of the debt collector. In other words, the Complaint alleges that the Third-Party had a legitimate business need for that information.

As a result, of the foregoing, Count II of the Complaint should be dismissed for failing to state a claim upon which relief may be granted.

B.   PLAINTIFF FAILS TO ADEQUATELY ALLEGE DAMAGES TO HER REPUTATION

Plaintiff fails to adequately allege damages to her reputation. Merely stating that her reputation has been damaged is nothing more than a "formulaic recitation of the elements of a cause of action." "It is necessary for [the Plaintiff] to show, since her action is based upon a statute, that the conduct complained of comes within the terms of such statute." *Heard v. Mathis*, 344 So.2d 651, 655 (Fla. 1st DCA 1977).

Unlike a claim for defamation where nominal or statutory damages may be awarded a plaintiff where the evidence is insufficient to reveal the extent of any injury, a claim for violation of Section 559.72(5) requires actual proof of damages. *Id.* As noted by the *Heard* Court,

unlike defamations in libel and slander causes which are actionable per se, and where the courts presume malice from the words used, no such presumption may be indulged here since the statute does not require the disclosure to be false if made to a person other than the debtor or his family when such person does not have a legitimate business need for the information

*Id.* at 655, n. 4.

"Reputation is what is reported or understood from reports to be the community's estimate of the person's character." *Id.* A communication to a third-party entity whose business is to assist in the collection of debts does not effect a "community's estimate of the person's character."

As a result, of the foregoing, Count II of the Complaint should be dismissed for failing to state a claim upon which relief may be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all attorneys of record via the Florida e-Filing Portal on the 12th day of August, 2021.

**WALTERS LEVINE LOZANO & DEGRAVE**
601 Bayshore Boulevard, Suite 720
Tampa, Florida 33606
Phone: (813) 254-7474
Facsimile: (813) 254-7341
Attorneys for Plaintiff

*/s/ Michael A. Gold*
**MICHAEL A. GOLD, LL.M.**
Florida Bar No. 71943
mgold@walterslevine.com
cmartin@walterslevine.com