UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61426-JEM

KARL STEEVES,
JACOB KRAMER,
CAROLYN RUSSELL,
ANAMARIA MORAN,

        Plaintiffs,

v.

HALSTED FINANCIAL SERVICES, LLC,

        Defendant.

_____/

## SECOND AMENDED CONSOLIDATED COMPLAINT

Plaintiffs Karl Steeves, Jacob Kramer, Carolyn Russell, Anamaria Moran (collectively, the "Plaintiffs") sue Defendant Halsted Financial Services LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA")

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here

### PARTIES

3. Plaintiff Karl Steeves ("Steeves" or "Plaintiff Steeves") is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Plaintiff Jacob Kramer ("Kramer" or "Plaintiff Kramer") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.      Plaintiff Carolyn Russell ("Russell" or "Plaintiff Russell") is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

6.      Plaintiff Anamaria Moran ("Moran" or "Plaintiff Moran") a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

7.      Defendant is a/an Illinois limited liability company, with its principal place of business located in Skokie Illinois.

## DEMAND FOR JURY TRIAL

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.      Defendant is a business entity engaged in the business of collecting consumer debts.

11.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.      Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

13.      Defendant's "Consumer Collection Agency" license number is CCA9902613.

14.      Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15.      The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

16.      Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17.      Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

18.     On a date better known by Defendant, Defendant sent collection letters prepared and/or complied by the below-defined third-party to Plaintiffs (collectively, the "Collection Letters") in an attempt to collect the Consumer Debts. Copies of said Collection Letters are Attached as Composite Exhibit "A."

**ALLEGATIONS OF PLAINTIFF STEEVES**

19.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Steeves Debt") from Plaintiff Steeves.

20.     The Steeves Debt is an obligation allegedly had by Plaintiff Steeves to pay money arising from a transaction between the original creditor of the Steeves Debt and Plaintiff ("Subject Service #1").

21.     Subject Service #1 was primarily for personal, family, or household purposes.

22.     On a date better known by Defendant, Defendant transmitted Plaintiff Steeves' personal information to a third-party (the "Third-Party").

23.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff Steeves' name; **[2]** Plaintiff Steeves' address; **[3]** the existence of the Steeves Debt; **[4]** the amount of the Steeves Debt; **[5]** the creditor of the Steeves Debt; **[6]** that Plaintiff Steeves was the alleged debtor of the Steeves Debt; **[7]** information regarding the Subject Service #1; and **[8]** that Plaintiff Steeves did not pay the Steeves Debt and/or defaulted on the Steeves Debt.

24.     The Third-Party, of whom Defendant transmitted Plaintiff Steeves' personal information to, complied Plaintiff Steeves' personal information and prepared a letter that was to be sent to Plaintiff Steeves in an attempt to collect the Steeves Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     Defendant's transmission of Plaintiff Steeves' personal information to the Third-Party was a communication in connection with the collect of the Steeves Debt.

26.     In addition to transmitting Plaintiff Steeves' personal information to the Third-Party, Defendant also transmitted Plaintiff Steeves' personal information to *other* third-party entities in connection with the collection of the Steeves Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Steeves Debt from Plaintiff Steeves.

27.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Steeves (the "Steeves Collection Letter") in an attempt to collect the Consumer Debt.

28.     Defendant falsely represents the amount of the Steeves Debt as  in the Steeves Collection Letter.

29.     Defendant's transmission of Plaintiff Steeves' personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

30.     The Collection Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Steeves Collection Letter.

31.     Defendant knew that the information it (Defendant) transmitted to the Third Party constituted a communication in connection with the collection of the Steeves Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## ALLEGATIONS OF PLAINTIFF KRAMER

32.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Kramer Debt") from Plaintiff Kramer.

33.     The Kramer Debt is an obligation allegedly had by Plaintiff Kramer to pay money arising from a transaction between the original creditor of the Kramer Debt and Plaintiff ("Subject Service #2").

34.     Subject Service #2 was primarily for personal, family, or household purposes.

35.     On a date better known by Defendant, Defendant transmitted Plaintiff Kramer's personal information to the Third-Party.

36.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff Kramer's name; **[2]** Plaintiff Kramer's address; **[3]** the existence of the Kramer Debt; **[4]** the amount of the Kramer Debt; **[5]** the creditor of the Kramer Debt; **[6]** that Plaintiff Kramer was the alleged debtor of the Kramer Debt; **[7]** information regarding the Subject Service #2; and **[8]** that Plaintiff Kramer did not pay the Kramer Debt and/or defaulted on the Kramer Debt.

37.     The Third-Party, of whom Defendant transmitted Plaintiff Kramer's personal information to, complied Plaintiff Kramer's personal information and prepared a letter that was to be sent to Plaintiff Kramer in an attempt to collect the Kramer Debt.

38.     Defendant's transmission of Plaintiff Kramer's personal information to the Third-Party was a communication in connection with the collect of the Kramer Debt.

39.     In addition to transmitting Plaintiff Kramer's personal information to the Third-Party, Defendant also transmitted Plaintiff Kramer's personal information to *other* third-party entities in connection with the collection of the Kramer Debt. Defendant transmitted such

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Kramer Debt from Plaintiff Kramer.

40.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Kramer (the "Kramer Collection Letter") in an attempt to collect the Consumer Debt.

41.     Defendant falsely represents the amount of the Kramer Debt as  in the Kramer Collection Letter.

42.     Defendant's transmission of Plaintiff Kramer's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

43.     The Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Kramer Collection Letter.

44.     Defendant knew that the information it (Defendant) transmitted to the Third Party constituted a communication in connection with the collection of the Kramer Debt.

## ALLEGATIONS OF PLAINTIFF RUSSELL

45.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Russell Debt") from Plaintiff Russell.

46.     The Russell Debt is an obligation allegedly had by Plaintiff Russell to pay money arising from a transaction between the original creditor of the Russell Debt and Plaintiff ("Subject Service #3").

47.     Subject Service #3 was primarily for personal, family, or household purposes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48.     On a date better known by Defendant, Defendant transmitted Plaintiff Russell's personal information to the Third-Party.

49.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff Russell's name; **[2]** Plaintiff Russell's address; **[3]** the existence of the Russell Debt; **[4]** the amount of the Russell Debt; **[5]** the creditor of the Russell Debt; **[6]** that Plaintiff Russell was the alleged debtor of the Russell Debt; **[7]** information regarding the Subject Service #3; and **[8]** that Plaintiff Russell did not pay the Russell Debt and/or defaulted on the Russell Debt.

50.     The Third-Party, of whom Defendant transmitted Plaintiff Russell's personal information to, complied Plaintiff Russell's personal information and prepared a letter that was to be sent to Plaintiff Russell in an attempt to collect the Russell Debt.

51.     Defendant's transmission of Plaintiff Russell's personal information to the Third-Party was a communication in connection with the collect of the Russell Debt.

52.     In addition to transmitting Plaintiff Russell's personal information to the Third-Party, Defendant also transmitted Plaintiff Russell's personal information to *other* third-party entities in connection with the collection of the Russell Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Russell Debt from Plaintiff Russell.

53.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Russell (the "Russell Collection Letter") in an attempt to collect the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

54.     Defendant falsely represents the amount of the Russell Debt as  in the Russell Collection Letter.

55.     Defendant's transmission of Plaintiff Russell's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

56.     The Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Russell Collection Letter.

57.     Defendant knew that the information it (Defendant) transmitted to the Third Party constituted a communication in connection with the collection of the Russell Debt.

## ALLEGATIONS OF PLAINTIFF MORAN

58.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Moran Debt") from Plaintiff Moran.

59.     The Moran Debt is an obligation allegedly had by Plaintiff Moran to pay money arising from a transaction between the original creditor of the Moran Debt and Plaintiff ("Subject Service #4").

60.     Subject Service #4 was primarily for personal, family, or household purposes.

61.     On a date better known by Defendant, Defendant transmitted Plaintiff Moran's personal information to the Third-Party.

62.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff Moran's name; **[2]** Plaintiff Moran's address; **[3]** the existence of the Moran Debt; **[4]** the amount of the Moran Debt; **[5]** the creditor of the Moran Debt; **[6]** that Plaintiff Moran was the alleged debtor of the Moran Debt; **[7]** information regarding the Subject

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Service #4; and **[8]** that Plaintiff Moran did not pay the Moran Debt and/or defaulted on the Moran Debt.

63.     The Third-Party, of whom Defendant transmitted Plaintiff Moran's personal information to, complied Plaintiff Moran's personal information and prepared a letter that was to be sent to Plaintiff Moran in an attempt to collect the Moran Debt.

64.     Defendant's transmission of Plaintiff Moran's personal information to the Third-Party was a communication in connection with the collect of the Moran Debt.

65.     In addition to transmitting Plaintiff Moran's personal information to the Third-Party, Defendant also transmitted Plaintiff Moran's personal information to *other* third-party entities in connection with the collection of the Moran Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Moran Debt from Plaintiff Moran.

66.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Moran (the "Moran Collection Letter") in an attempt to collect the Consumer Debt.

67.     Defendant falsely represents the amount of the Moran Debt as  in the Moran Collection Letter.

68.     Defendant's transmission of Plaintiff Moran's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

69.     The Collection Letter contains a bar code, discreet tracking numbers, and/or QR code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Moran Collection Letter.

70.     Defendant knew that the information it (Defendant) transmitted to the Third Party constituted a communication in connection with the collection of the Moran Debt.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(b)**

71.     Plaintiffs incorporates by reference ¶¶ 9-70 of this Second Amended Consolidated Complaint.

72.     Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*." 15 U.S.C. 1692c(b) (emphasis added).

73.     As set forth above, Defendant's transmission of Plaintiffs' personal information to the Third-Party constitutes a communication in connection with the collection of the Consumer Debts. Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiffs' personal information to the Third-Party.

74.     WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Defendant, awarding each of the Plaintiffs the following relief:

      (a)     Statutory damages as provided by 15 U.S.C. § 1692k;

      (b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

      (c)     Any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A)

75.      Plaintiffs incorporates by reference ¶¶ 9-70 of this Second Amended Consolidated Complaint.

76.      Defendant violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by attempting to collect the alleged Consumer Debts from Plaintiffs *via* the Collection Letters. Here, each of the Collection Letters fail to adequately inform the least sophisticated consumer of the true amount owed to the current creditor and otherwise falsely represents the character and/or amount of the debt. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest the Consumer Debts are subject to pursuant to the agreement underlying the Consumer Debts.

77.      The Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees added to said principal pursuant to underlying agreement. With that said, however, the amount that the creditors of the Consumer Debts are entitled to recover from Plaintiffs goes much further.

78.      Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "**the amount of the debt**." 15 U.S.C. § 1692g(a) (emphasis added). Section 1692e(2)(A) explicitly prohibits "**[t]he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2) (emphasis added).

79.      Defendants failed to provide an explicit disclosure of accrued and accruing interest and fees which the Consumer Debts are subject thereto, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing the creditor the full amount listed on the collection letter sent to the consumer *regardless* of how much time has lapsed.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

80.     Here, the Consumer Debts, pursuant to the agreement underlying each of the Consumer Debts, continue to accrue fees and interest, of which is compounded on a daily or otherwise periodic basis.

81.     The necessity of information which Defendant omitted from the Collection Letters was an issue Judge Kathleen M. Williams addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

82.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from the least sophisticated consumer. For example, in the Collection Letters, Defendant did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the underlying debt was subject to the accrual of interest or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

other charges; Defendant did not state whether any of the Consumer Debts had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant did not state how or when the purported amount owed by the consumer had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

83.     Thus, in light of the forgoing, Defendant violated § 1692g(a)(1) and  § 1692e(2)(A) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the Consumer Debts *were and are* subject.

84.     WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Defendant, awarding each of the Plaintiffs the following relief:

(a)     Statutory damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: December 30, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com