UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KARL STEEVES,
JACOB KRAMER,
CAROLYN RUSSELL,
ANAMARIA MORAN,

    Plaintiff/Counter-Defendant,

CASE NO.  0:21-cv-61426-XXXX

v.

HALSTED FINANCIAL
SERVICES, LLC,

    Defendant/Counter-Plaintiff.
_____/

## MOTION TO DISMISS COUNT II OF THE SECOND AMENDED COMPLAINT

COMES NOW, Defendant, Halsted Financial Services, LLC, by and through undersigned counsel, and pursuant to the applicable Florida Rules of Civil Procedure, hereby files this Motion to Dismiss Count II of the Second Amended Complaint (Doc. No. 35). In support thereof, Defendant would state:

1. On January 7, 2022, Plaintiffs filed a consolidated two-count Second Amended Complaint (Doc. No. 35) against Defendant alleging that violations of the Fair Debt Collection Practices Act (FDCPA).

2. Count II of the Second Amended Complaint alleges that the Collection Letters mailed to Plaintiffs by Defendant violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA because the Collection Letters sent to Plaintiffs

> fail to adequately inform the least sophisticated consumer of the true amount owed to the current creditor and otherwise falsely represents the character and/or amount of the debt. In short, Defendant failed to

provide an explicit disclosure of accrued and accruing interest the Consumer Debts are subject to pursuant to the agreement underlying the Consumer Debts.

See Paragraph 76 of the Second Amended Complaint

3. Count II of Plaintiffs' Second Amended Complaint fails to state a cause of action because:

    a. The Collection Letters accurately state the amount of the debt due on the date the Collection Letters were mailed;

    b. An "amount" that is due can include principal, interest, penalties, attorneys' fees, and other components without identifying each of the component parts.

    c. It is clear from the Collection Letters that no interest or other charges have been incurred since the date the Plaintiffs defaulted on their debt and, correspondingly, no interest or fees are accruing.

WHEREFORE, Defendant, LTD Financial, moves this Court for an Order dismissing Count III of the Complaint and for such other relief the Court deems just and proper.

## MEMORANDUM OF LAW

A complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fed. R. Civ. Proc. Rule 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A facially plausible claim must allege facts that are

more than merely possible," and a plaintiff's factual allegations that are 'merely consistent with' a defendant's liability" will not be considered facially plausible. *Taylor v. Royal Caribbean Cruises, Ltd.*, No. 20-14754, 2021 WL 3502626, at *3 (11th Cir. Aug. 10, 2021)(citations omitted). "Mere conclusory statements do not suffice." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). "A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

Plaintiffs assert that the Collection Letters are false in misleading as the "Total Amount Due" identified in the Collection Letters do not differentiate between principal, interest and fees that were charged by the original creditor or which have accrued or is accruing since the current creditor purchased the debt from the original creditor. The Plaintiffs assert that "Defendants (sic) failed to provide an explicit disclosure of accrued and accruing interest and fees which the Consumer Debts are subject thereto." See Doc. No. 35, Para. 79)

The Collection Letters accurately identify the amount of the debt as required by § 1692g. "An "amount" that is due can include principal, interest, penalties, attorneys' fees, and other components. Interest then can be added to that total." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 756-57 (7th Cir. 2009). In other words, "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither

be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018). Further, there would be no falsity even if the "amount due" had been described as "principal due"—for *Wahl* observes that when interest is compounded, today's interest becomes tomorrow's principal, so all past-due amounts accurately may be described as "principal due". *Hahn,* 557 F.3d at *757 (citing Wahl v. Midland Credit Management, Inc.,* 556 F.3d 643 (7th Cir.2009)).

To the extent Plaintiffs argues that interest and fees "could be accruing" Count II fails to meet the standard under Rule 8. As previously noted, "a facially plausible claim must allege facts that are more than merely possible." *Taylor*, 2001 WL 3502626, at *3. Plaintiffs' claims are, at best, premature. There are no facts alleged, or could be alleged, that would indicate interest and fees are accruing and thus Defendant has violated Sections 1692g(a)(1) and 1692e(2)(A). The Collection Letters each state the "Total Amount Due". There is no allegation that the number is inaccurate or that interest and fees are actually accruing. Thus, this portion of Count II of Plaintiffs' Second Amended Complaint is nothing more than mere speculation and does not satisfy the minimum requirements of Rule 8.

As a result, of the foregoing, Count II of the Second Amended Complaint should be dismissed for failing to state a claim upon which relief may be granted.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all attorneys of record via the Florida e-Filing Portal on the 19th day of January, 2022.

**WALTERS LEVINE PARISI & DEGRAVE**
601 Bayshore Boulevard, Suite 720
Tampa, Florida 33606
Phone: (813) 254-7474
Facsimile: (813) 254-7341
Attorneys for Plaintiff

*/s/ Michael A. Gold*
**MICHAEL A. GOLD, LL.M.**
Florida Bar No. 71943
mgold@walterslevine.com
cmanganiello@walterslevine.com