UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:21-cv-61426-JEM

**KARL STEEVES**,
**JACOB KRAMER**,
**CAROLYN RUSSELL**,
**ANAMARIN MORAN**,

  Plaintiffs,
v.

**HALSTED FINANCIAL SERVICES, LLC**,

  Defendant.
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

  Plaintiffs Karl Steeves, Jacob Kramer, Carolyn Russell, and Anamarin Moran (collectively, the "Plaintiffs") submit this Response in Opposition to the Motion to Dismiss [D.E. 37] filed by Defendant Halsted Financial Services, LLC ("Defendant").

## INTRODUCTION

  1. Defendant seeks to dismiss **Count 2** of Plaintiffs' Second Amended Consolidated Complaint because, *in simplest terms*, Defendant claims that the debts it (Defendant) attempted to collect from Plaintiffs are not accruing interest, fees, or other charges. Defendant's argument, however, creates a factual dispute *at best* because Plaintiffs have explicitly alleged that the underlying debts, "pursuant to the agreement underlying each of the [subject debts], continue to accrue fees and interest, of which is compounded on a daily or otherwise periodic basis."

  2. Because the allegations of the Second Amended Consolidated Complaint must be taken as true and must be read to include any theory on which Plaintiffs may recover, and because Plaintiffs have explicitly alleged that the debts are subject to interest, fees, and other charges pursuant to the agreements underlying said debts, Plaintiffs' have sufficiently plead that Defendant

PAGE | **1** of **14**

violated § 1692e(2)(A) by falsely representing the *amount* of the underlying debts in the subject collection letters, as well as violated § 1692g(a)(A) by failing inform the least sophisticated consumer of the interest, charges, and/or fees in the subject collection letters that the underlying debts were and are subject.

## BACKGROUND AND POSTURE

3.  On January 10, 2022, Plaintiffs filed their Second Amended Consolidated Complaint [D.E. 35] (the "FAC").

4.  Attached to the FAC as Composite Exhibit "A" are the letters (the "Collection Letters") that Plaintiffs received from Defendant, *see* D.E. 35-1, whereby the Collection Letters represent, or otherwise evidence, the alleged unlawful collection methods and/or conduct of Defendant that gave rise to the claims of Plaintiffs.

5.  With respect to the claims of Plaintiffs, the FAC contains two counts, whereby the relevant claim for purposes of Defendant's Motion to Dismiss is **Count 2**. *See* FAC at ¶¶ 75-84.

6.  In particular, **Count 2** alleges that "Defendant violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by attempting to collect the alleged Consumer Debts from Plaintiffs *via* the Collection Letters [because] each of the Collection Letters fail to adequately inform the least sophisticated consumer of the true amount owed to the current creditor and otherwise falsely represents the character and/or amount of the debt." FAC at ¶ 76.

7.  On January 19, 2022, Defendant filed the Motion to Dismiss [D.E. 37] (the "Motion") the subject of this Response in Opposition. The Motion is limited to **Count 2** of the FAC. *See* Motion at 4 (wherein Defendant solely asks that "Count II of the Second Amended Complaint should be dismissed for failing to state a claim upon which relief may be granted.").

PAGE | **2** of **14**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

8. The principal thrust of Defendant's Motion is that:

   (a) "The Collection Letters accurately identify the amount of the debt as required by § 1692g" because "no interest or other charges have been incurred since the date the Plaintiffs defaulted on their debt and, correspondingly, no interest or fees are accruing;" Motion at 2-3, and;

   (b) "To the extent Plaintiffs argues that interest and fees 'could be accruing' [Count 2] fails to meet the standard under Rule 8" because "[t]here are no facts alleged, or could be alleged, that would indicate interest and fees are accruing and thus Defendant has violated Sections 1692g(a)(1) and 1692e(2)(A)." Motion at 3.

9. As set forth below, Defendant is misguided because:

   (a) Plaintiffs explicitly alleged that the Collection Letters do not accurately identify the amount of the underlying debts as required by § 1692g, as the underlying debts *are* subject to interest and other charges, *see* FAC at ¶ 80; *and*

   (b) Plaintiffs explicitly alleged in the FAC that "[t]he Consumer Debts [are] the sum of the principal portion of the original debt and, *inter alia*, the interest and fees added to said principal pursuant to underlying agreement. With that said, however, the amount that the creditors of the Consumer Debts are entitled to recover from Plaintiffs goes much further," FAC at ¶ 78, because "the Consumer Debts, pursuant to the agreement underlying each of the Consumer Debts, continue to accrue fees and interest, of which is compounded on a daily or otherwise periodic basis." FAC at ¶ 80.

10. As such, and as elaborated below, Plaintiffs' have sufficiently plead a *prima facie* case for violation of § 1692e(2)(A) and § 1692g(a)(1) of the FDCPA and Defendant's Motion to Dismiss should be promptly denied.

## STANDARD OF REVIEW

11. To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating Conley, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing* Twombly, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See* Linder v. Portocarrero, 963 F. 2d 332, 334-36 (11th Cir. 1992) (*citing* Robertson v. Johnston, 376 F. 2d 43 (5th Cir. 1967)).

12. However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. 544 at n. 8 (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)).

13. In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir.2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.2004).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## ARGUMENT

**1. PLAINTIFFS HAVE SUFFICIENTLY PLEAD PRIMA FACIE VIOLATIONS OF § 1692e(2)(A) AND § 1692g(a)(1) OF THE FDCPA**

14. "To state a claim for violation of the FDCPA and FCCPA, Plaintiff must set forth sufficient factual allegations to raise plausible inferences that: [1] Defendant is a debt collector; [2] Plaintiff was 'the object of collection activity arising from consumer debt;' and [3] Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *4 (M.D. Fla. Jan. 10, 2017); Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008); *see also* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1189–91 (11th Cir. 2010).

**1.1 DEFENDANT DOES NOT CONTEST THAT PLAINTIFFS HAVE BEEN THE OBJECT OF COLLECTION ACTIVITY, NOR DOES DEFENDANT CONTEST THAT DEFENDANT IS A DEBT COLLECTOR.**

15. With respect to the present matter, in the Motion, Defendant *does not contest* that Plaintiffs have been the object of collection activity arising from a consumer debt. Further, in the Motion, Defendant *does not contest* that it (Defendant) is a debt collector as defined by the FDCPA. Looking to the SAC, in contrast, Plaintiffs properly plead that Defendant is a "debt collector" within the meaning of the FDCPA, as well as sufficiently plead that Plaintiffs were "the object of collection activity arising from [a] consumer debt." SAC at ¶¶ 9-18.

16. Thus, because Defendant does not contest that it (Defendant) is a debt collector, or contest that Plaintiffs were the object of Defendant's debt collection efforts, the only issue before this Court, at this stage, is whether Plaintiffs have adequately alleged that Defendant has engaged in an act prohibited by the FDCPA, *to wit*, § 1692e(2)(A) and/or § 1692g(a)(1) of the FDCPA. *See* 15 U.S.C. § 1692g(a)(1) (requiring that written notice containing the "amount of the debt" must be sent to the consumer by the debt collector within five days of the debt collector's initial

communication with the consumer); 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of the character, amount, or legal status of any debt").

**1.2    DEFENDANT ENGAGED IN AN ACT OR OMISSION PROHIBITED BY THE FDCPA OR FCCPA.**

17.    In light of the above, whether Plaintiffs have adequately plead that Defendant violated § 1692e(2)(A) and/or § 1692g(a)(1) depends on the third element of Plaintiff's *prima facie* case – as the first two elements have been met.

18.    Notably, the third element of Plaintiffs' *prima facie* case, *i.e.,* whether Defendant engaged in an act or omission prohibited by the FDCPA, is governed by the "least sophisticated consumer" standard, of which dictates whether a debt collector's conduct violates the FDCPA. *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (reiterating that the "least sophisticated consumer" standard governs "whether a debt collector's conduct is deceptive, misleading, unconscionable, or unfair under the statute." (internal quotations omitted)); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) (holding that the "least-sophisticated consumer" standard applies to evaluate claims under both § 1692e and § 1692f); Leonard v. Zwicker & Associates, P.C., 2017 WL 4979160, at *2 (11th Cir. Nov. 1, 2017) (applying the "least sophisticated consumer" standard to claims under § 1692g); *see also* Michael v. HOVG, LLC, 2017 WL 129111, at *5 (S.D. Fla. Jan. 10, 2017) (applying the least sophisticated consumer standard to determine whether a debt collector violated the FCCPA); Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010 (same); Bank v. Schmidt, 124 So. 3d 1039 (Fla. Dist. Ct. App. 2013) (affirming class certification which applied the least sophisticated consumer standard to determine whether the FCCPA had been violated).

**1.2.1 THE LEAST SOPHISTICATED CONSUMER STANDARD**

19. In the context of the FDCPA, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct." Crawford, 758 F.3d 1254 at 1259 (citation and internal quotations omitted).

20. "The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd." LeBlanc, 601 F.3d 1185 at 1194; *see* Crawford, 758 F.3d 1254 at 1258-59 ("[t]he 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" (*quoting* Jeter v. Credit Bureau, 760 F.2d 1168, 1172-73 (11th Cir. 1985))). The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Jeter, 760 F.2d at 1168.

21. "Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder. Stated another way, he is the single most unsophisticated consumer who exists. Even assuming that he would be willing to do so, such a consumer would likely not be able to read a collection notice with care, let alone interpret it in a reasonable fashion." Gammon v. GC Servs., 27 F.3d 1254, 1257 (7th Cir. 1994); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer – understands the notice he or she receives.'"). As such, because of the viewpoint required to properly invoke the least sophisticated consumer standard, issues which require the application thereof are reserved for the jury. *See* Leonard v. Zwicker & Associates,

PAGE | **7** of **14**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

P.C., 2017 WL 4979160, at *3 (11th Cir. Nov. 1, 2017) ("[g]enerally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"); *see, e.g.*, Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008) (whether a communication was "deceptive is a material issue of disputed fact for the jury, as fact finder, to resolve").

### 1.2.2 PLAINTIFFS' ALLEGATIONS SUFFICIENTLY RAISE A PLAUSIBLE INFERENCE THAT DEFENDANT'S CONDUCT VIOLATES § 1692e(2)(A) AND § 1692g(a)(1) OF THE FDCPA.

22. The factual allegations of Plaintiffs are more than sufficient to raise a plausible inference that Defendant engaged in conduct prohibited by § 1692e(2)(A) and/or § 1692g(a)(1). Defendant's argument – *that the underlying debts are not subject to interest, charges, or fees, or in the alternative, that no such interest, charges, or fees have been assessed* – fails because, at best, such argument creates a question of fact. As explicitly plead in the FAC, [t]he Consumer Debts [are] the sum of the principal portion of the original debt and, *inter alia*, the interest and fees added to said principal pursuant to underlying agreement. With that said, however, the amount that the creditors of the Consumer Debts are entitled to recover from Plaintiffs goes much further," FAC at ¶ 77, because "**the Consumer Debts, pursuant to the agreement underlying each of the Consumer Debts, continue to accrue fees and interest, of which is compounded on a daily or otherwise periodic basis**." FAC at ¶ 80 (emphasis added).

23. Here, because each of the underlying debts *are* subject to interest, costs, and fees, the likes of which compound on a daily and/or periodic basis, each of the Collection Letters falsely represent the *amount* of the debts that Defendant sought to collect from Plaintiffs in violation of § 1692e(2)(A) *and* each of the Collection Letters fail to adequately disclose the "amount of the debt" in violation of § 1692g(a)(1).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. As exemplified in the FAC:

> For example, in the Collection Letters, Defendant did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant did not state whether any of the Consumer Debts had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant did not state how or when the purported amount owed by the consumer had been calculated; and Defendant failed to advise of the added prejudgment interest which the current creditor could also recover from the consumer upon securing a judgment against the consumer.

FAC at ¶ 82. Further, the significance of such failings was also exemplified in the FAC. *See* FAC at ¶ 37 (opining that, because Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees, "the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing the creditor the full amount listed on the collection letter sent to the consumer regardless of how much time has lapsed.").

25. Beyond the well-plead allegations of Plaintiffs, the claims of Plaintiffs are supported by precedent. *See* Jones v. Midland Funding, LLC, 755 F. Supp. 2d 393, 397-98 (D. Conn. 2010) ("a validation notice fails to correctly state the amount of the debt as required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate. If a validation notice lacks this information, the least sophisticated consumer, although aware that debt typically accrues interest, may be left uncertain as to the amount of the debt" (emphasis added)); *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols,

& Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000) (a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest); Dragon v. I.C. Sys., 483 F. Supp. 2d 198, 202-03 (D. Conn. 2007) (granting summary judgment in favor of Plaintiff because "this case is nevertheless one where not only did the collection notice not specifically indicate the date as of which the 'BALANCE DUE' amount was the full amount of the debt, it also was potentially misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due ($136.64) was due at any time, when in fact it was not and was subject to adjustment by Dell on a periodic basis.").

26.     Further, the facts of this case are functionally identical to that considered by the court in Avila v. Riexinger & Assocs., Ltd. Liab. Co., 817 F.3d 72 (2d Cir. 2016). Pointedly, the only difference is that the Avila court grappled with a collection letter that labeled the amount of the debt as "Current Balance" – a fact that weighs in favor of Plaintiffs in the instant case. Here, the Collection Letters at issue label the amount of the debt as "Balance Due," of which is *more* misleading that "current balance" because there is no indication as to date such amount was computed. In concluding that the plaintiff successfully stated a claim under § 1692e, the Avila court analyzed the issue as follows:

> The question presented is whether the sending of a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, is a "false, misleading, or deceptive" practice prohibited by Section 1692e. In considering this question, we are guided by two principles of statutory construction.
>
> The first principle is that, because the FDCPA is "primarily a consumer protection statute," Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 95 (2d Cir. 2008), we must construe its terms "in liberal fashion [to achieve] the underlying Congressional purpose." Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013) (quoting N. C. Freed Co. v. Bd. of Governors of Fed. Reserve Sys., 473 F.2d 1210, 1214 (2d Cir. 1973)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

That purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "[W]e have consistently interpreted the statute with [these] congressional object[s] in mind." Jacobson, 516 F.3d at 95 (*citing* Russell v. Equifax A.R.S., 74 F.3d 30, 33-34 (2d Cir. 1996); Clomon, 988 F.2d at 1318-20).

The second principle is that, in considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard. Clomon, 988 F.2d at 1318. In other words, we ask how the least sophisticated consumer— "one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer" —would understand the collection notice. Russell, 74 F.3d at 34. Under this standard, a collection notice can be misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." Clomon, 988 F.2d at 1319.

Applying these principles, we hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e. A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. **The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer**.

Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

Avila, 817 F.3d 72 at 75-76.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

27. Plaintiffs' claim, further, *is not* a matter of first impression for this District, as Judge Cohen addressed a largely similar claim in <u>Gesten v. Phelan Hallinan, PLC</u>, 57 F. Supp. 3d 1381 (S.D. Fla. 2014). Critically, in entering **summary judgment** in favor of plaintiff, Judge Cohen found that, "[w]hile the letter does inform Plaintiff that "[i]nterest and other items will continue to accrue," **the letter neither states the interest rate nor identifies these** 'other items.'" <u>Gesten</u>, 57 F. Supp. 3d 1381 at 1387-89 (emphasis added).

28. Here, each of the debts that Defendant sought to collect from Plaintiffs are subject to various types of interest and fees pursuant to the underlying agreements – the likes of which are not extinguished merely because the creditor is (*as seemingly proposed by Defendant*) choosing not to assert or exercise such. Whether it is the interest and fees the creditor is entitled to under the terms of the underlying note (*e.g.*, pre-or-post charge-off interest, compound interest, or late fees), or interest which the creditor is entitled to by statute (*e.g.*, pre-judgment interest), each of the debts at issue **are continuously subject to interest and fees**. Simply because the creditor is not calculating or computing such fees and interest *does not* mean that such fees and interest are not accruing – or for that matter, that the creditor, *or subsequent creditor*, are not entitled to such interest and/or fees under the terms of the underlying agreement. To the contrary, such interest and fees are unavoidable and are otherwise exercisable – perpetually and retroactively – by current creditor as well as any subsequent debt buyer.

29. Thus, taking the allegations of the Second Amended Consolidated Complaint as true and in the light most favorable to Plaintiffs, because Plaintiffs have explicitly alleged that the debts are subject to interest, fees, and other charges pursuant to the agreements underlying said debts, Plaintiffs' have sufficiently plead that Defendant violated § 1692e(2)(A) by falsely representing the *amount* of the underlying debts in the subject collection letters, as well as violated

§ 1692g(a)(A) by failing inform the least sophisticated consumer of the interest, charges, and/or fees in the subject collection letters that the underlying debts were and are subject.

## CONCLUSION

30. Defendant's argument that the underlying debts are not subject to interest, fees, or other charges, falls short at this stage, as Plaintiffs have explicitly alleged that each of the underlying debts *are* subject to interest, charges, and fees, under the terms of the agreement underlying each of the debts. The fact that neither the creditor, nor Defendant, regularly calculate the interest, charges, and/or fees, the underlying debts are subject *does not* mean the debts *are not* subject to such interest, charges, and/or fees. *See* Avila v. Riexinger & Assocs., Ltd. Liab. Co., 817 F.3d 72, 75-76 (2d Cir. 2016) (exemplifying that, merely because the debt collector and/or creditor are not currently *demanding* or otherwise *assessing* such interest, charges, and/or fees, "[t]he debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.").

31. At best, Defendant's Motion to Dismiss creates questions of fact which, in light of the least sophisticated consumer standard, are for the jury to resolve. Leonard v. Zwicker & Assocs., P.C., 713 F. App'x 879, 882 (11th Cir. 2017) ("the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury"). Moreover, the fact that, in the eyes of Defendant, the Collection Letters *do not* falsely represent the amount of the underlying debts is equally of no consequence at this stage in light of the least sophisticated consumer standard. Michael v. Hovg, 232 F. Supp. 3d 1229, 1237 (S.D. Fla. 2017) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate"); *see also*

LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010) ("[t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.")

32. WHEREFORE, Plaintiffs, respectfully, ask that this Court *deny* Defendant's Motion to Dismiss.

Dated: February 16, 2022

                                           Respectfully Submitted,

                                           /s/ Thomas J. Patti
                                           **JIBRAEL S. HINDI, ESQ.**
                                           Florida Bar No.: 118259
                                           E-mail: jibrael@jibraellaw.com
                                           **THOMAS J. PATTI, ESQ.**
                                           Florida Bar No.: 118377
                                           E-mail: tom@jibraellaw.com
                                           The Law Offices of Jibrael S. Hindi
                                           110 SE 6th Street, Suite 1744
                                           Fort Lauderdale, Florida 33301
                                           Phone: 954-907-1136
                                           Fax: 855-529-9540

                                           *COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                           /s/ Thomas J. Patti
                                           **THOMAS J. PATTI, ESQ.**
                                           Florida Bar No.: 118377